IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                     CRIMINAL NO. 3:04-00083-02
                                       (CIVIL ACTION NO. 3:05-0640)

JUANITA DICKERSON,

        Movant.

## FINDINGS AND RECOMMENDATION

        In December of 2004, following consummation of a plea agreement, Juanita Dickerson entered a plea of guilty to one count of a second superseding indictment in which she was charged with conspiring to distribute more than five grams of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §846. On March 21, 2005, she was sentenced to a term of imprisonment of one hundred thirty-six (136) months to be followed by eight years of supervised release. She did not appeal her conviction. On August 11, 2005, Dickerson filed a motion under the provisions of 28 U.S.C. §2255 in which she asserts that counsel representing was ineffective. With the exception of a claim that counsel failed to appeal her sentence, the Court, by order entered June 15, 2007, found movant's claims of ineffective assistance to be without merit, and for the reasons set forth in that order recommends that relief be denied on those claims. With respect to movant's claim that counsel failed to appeal her conviction, counsel was appointed and an evidentiary hearing conducted

to resolve the factual issues raised by the motion. On the basis of the testimony presented at the evidentiary hearing, the Court now finds that movant is not entitled to relief on this claim.

Movant's guilty plea exposed her to a statutory term of imprisonment of not less than ten years or more than life as a consequence of a prior felony drug conviction, and her two prior felony drug convictions resulted in her classification as a career offender with a sentencing guideline range of two hundred ninety-two to three hundred sixty-five months. At sentencing, which was post Booker, the Court, for reasons stated on the record, sentenced movant to a term of one hundred thirty-six months imprisonment, a sentence which was one hundred fifty-six months below the now advisory minimum recommended guideline sentence and one which was objected to by counsel for the United States.

Movant testified at the evidentiary hearing that during discussions with counsel prior to entering her guilty plea, her attorney, Dennis Curry, told her that if she was sentenced to anything over ten years he would appeal her case. She said that following sentencing she was immediately taken from the courtroom, that she did not speak to counsel about an appeal and that calls to counsel's office thereafter were not accepted. Movant's mother and sister testified that prior to entry of movant's plea her attorney advised the family he would appeal if she was sentenced to over ten years, and her mother testified that, prior to her plea, counsel told movant he would appeal her conviction if she was sentenced to more than ten years. Movant's mother also testified that sometime after sentencing she talked with Mr. Curry's wife, who was also his secretary, and to Mr. Curry about an appeal and that she was advised "the case is over."

Movant's counsel, Dennis Curry, testified at the hearing that his concern at the time of movant's plea was not with an appeal and that a ten-year sentence, if it was discussed, would only

have been in reference to the fact that the plea involved a ten-year minimum sentence. The concern at the time of the plea, according to his testimony, was with a twenty-four year sentence, the minimum under the guidelines. It was his belief that he had a good argument to make for a departure, and, with obvious assistance from the decision in Booker, that is what he ultimately did at sentencing. He stated that he had never advised movant or any member of her family that he would appeal if movant was sentenced to more than ten years imprisonment. Finally, counsel testified that he was never asked to appeal by movant or any member of her family and that, while he would have appealed if asked, he would have advised against an appeal in the strongest manner possible. In his opinion, the sentence was extremely favorable, and it would have been "crazy" to appeal. His concern was that the Government would appeal.

Movant's claim that counsel failed to appeal her conviction is evaluated under standards established by the Court in Strickland v. Washington, 466 U.S. 668 (1984),[1] and entitlement to relief requires a showing that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that "counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, supra at 477. It is, of course, well established that if counsel ignores a specific instruction to appeal a defendant is entitled to "resentencing and to an appeal without showing that his appeal would likely have had merit." Peguero v. United States, 526 U.S. 23, 28 (1999). Conversely, a defendant who directs counsel not to file an appeal clearly cannot thereafter contend that, by failing to appeal, counsel "performed deficiently." Roe v. Flores-Ortega, supra at 477.

---

[1] Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000).

3

On the basis of the testimony presented at the evidentiary hearing, the Court finds that movant's counsel did not advise her prior to her guilty plea that he would appeal her conviction if she was sentenced to more than ten years imprisonment. The Court also finds that neither movant nor anyone on her behalf asked counsel to file an appeal or notice of appeal. In this regard, the Court would simply note that under the circumstances described the testimony presented by movant was not credible, that counsel's testimony was credible and that counsel's testimony was supported by all of the undisputed facts surrounding movant's plea and sentencing. These findings, however, do not finally resolve the motion. There is no testimony in the record indicating that movant instructed counsel not to appeal or that counsel discussed the possibility of an appeal with movant. Accordingly, for purposes of decision, the Court will assume that movant did not indicate to counsel her desires with respect to an appeal and that counsel did not consult with her concerning an appeal after sentencing. Based on these assumptions, movant's claim is resolved by application of criteria, derived from the <u>Strickland</u> decision, set forth by the Court in <u>Roe</u>. Thus, while recognizing that consultation with a defendant regarding an appeal is the "better practice," the Court, in <u>Roe</u>, concluded that, as a "<u>constitutional</u> matter," counsel's failure to consult in all cases is not "necessarily unreasonable, and therefore deficient." <u>Roe</u> v. <u>Flores-Ortega</u>, <u>supra</u> at 479. Rejecting a "bright-line rule" that counsel "must always consult," the Court in <u>Roe</u> held that "counsel has a constitutionally imposed duty to consult with [a] defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id.</u> at 480. In this case the Court finds that movant did not "demonstrate" that she was interested in appealing and clearly there is no basis for concluding that "a rational defendant would want to appeal." Beyond the fact that

the case involves a guilty plea and that movant's sentence was clearly not beyond that referenced in the plea agreement, there is the fact of the substantial departure in sentencing and counsel's fear that an appeal, if one was filed, would be an appeal by the United States. Although reasonable performance by counsel will almost always require counsel to consult with a defendant about an appeal, this case is one of those rare cases when a failure to consult does not fall below Strickland's "objective standard of reasonableness."

The Court, similarly, does not find prejudice from counsel's assumed failure to consult. To establish prejudice movant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with [her] about an appeal, [she] would have timely appealed." Id. at 484. There is simply no reason to believe, or evidence to support, a contention that, but for counsel's failure to consult, movant would have appealed. While, perhaps, characterizing an appeal as "crazy" may be too strong, nevertheless, an appeal in this case, as viewed at the time of movant's sentencing,[2] carried significant risks with little if any helpful possibilities. Finding that movant did not ask or indicate an interest in an appeal, recognizing that her appellate rights were clearly explained to her by the Court at sentencing and concluding that an appeal in this case involved considerable risk, the Court finds that movant has failed to establish that, had counsel consulted, there is a reasonable probability that she would have timely appealed.

---

[2] This was, of course, prior to the Court's decision in Gall v. United States, ____ U.S. ____, 128 S.Ct. 586 (2007).

5

## **RECOMMENDATION**

On the basis of the Court's June 15, 2007 Order and the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: May 7, 2008

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE